SHOKOUFEH NOROUZINIA
P.O. Box 1540
Poway, CA 92074
*Pro se Petitioner/ Plaintiff*

FILED
07 NOV 20 PM 3: 30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKOUFEH NOROUZINIA,<br><br>Plaintiff/Petitioner<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of The Department of Homeland Security; EDUARDO AGUIRRE JR. Director of The United States Citizenship and Immigration Services (CIS); Office of U.S. Citizenship and Immigration Service for the County of San Diego<br><br>Defendants,/Respondents | Case No.: '07CV 2219 WQH (POR)<br><br>PETITION FOR HEARING ON NATURALIZATIO APPLICATION UNDR USC § 1447 (B) FOR A STALLED NATURALIZATION APPLICATION<br><br>Date:<br>Time:<br>Department:<br>Judge: |

COMES NOW SHOKOUFEH NOROUZINIA (herein "Petitioner") and respectfully submits the instant Petition for consideration and adjudication in Court and by the Court of Petitioner's Stalled Naturalization Application under USC §1447(b), or in the alternative for an Order remanding the same to CIS for immediate adjudication.

Petitioner states as follows:

## JURISDICTION

Jurisdiction and venue of this action lie with this Court which is the United States District

Court for the Southern District of California and is further appropriate for the following reasons: (A) Plaintiff has at all times herein mentioned resided in this district; (B) Defendants have engaged extensively in matters of immigration and homeland security in this district; and (C) the claim at issue arose in this district.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Petitioner has lived and worked in the United Stated as a lawful permanent resident ("LPR") since her arrival here on January 12, 1996; in 2004, Petitioner filed an application with the U.S. Citizenship and Immigration Services in San Diego, California for a change of status from an LPR to that of a naturalized citizen (N400), which application was conditionally granted on May 5, 2005.

At this initial examination, Petitioner was prompted by the Citizenship and Immigration Service's (herein "CIS") examining officer to sign a waiver of the "*120-Day Decision Deadline*" under INA § 336(b) but later moved for, and was subsequently granted a full retraction on October 10, 2007.

Petitioner has to wit, made at least three proper and good faith inquiries to the office of the CIS as to the status and for any other foreseeable time-line for conclusion and the final disposition of her **STALLED** Naturalization Application, and to each inquiry she received the same inconclusive, vague, and open ended response.

Therefore, in light of the expiration of the statutory "*120-Day Decision Deadline*" period under INA §336(b) on October 10, 2007 and the CIS's continued failure to render final adjudication of Petitioner's Naturalization Application, Petitioner moved to compel response from CIS by and through the instant petition.

## II. DISCUSSION

(A) APPLICABLE LAW

INA Section 336(b) and 8 USC §1447(b) specifically provide for a judicial review by a U.S. District Court for a Stalled Naturalization Application and states as follows:

*"If there is a failure to make a determination under [INA] §335 [8 U.S.C. §1446] before the end*

*of the 120 day period after the date on which the examination is conducted under such section, , the applicant may apply to the United Stated District Court for the district in which the applicant resides for a hearing on the matter. This court has jurisdiction of the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter."*

In short, the statute authorizes the aggrieved naturalization applicant to seek judicial review if more than 120 days have past since the initial examination.

### (B) PETITIONER IS ELIGIBLE TO SEEK RELIEF UNDER 8 USC §1447(B)

Petitioner's application for naturalization was considered by CIS who after conducting an examination conditionally approved the application and with the final decision pending, and, based on the completion of background and security checks.

In or about June of 2007, a period of well over two (2) years had passed since the initial examination but due to the involuntary signing of the waiver under INA §336(b), Petitioner could not pursue any judicial remedies.

On June 7, 2007, Petitioner moved for, and was granted a retraction of the waiver by the CIS, from which date the 120-Day Decision Deadline period began to accrue. This period however, expired on October 10, 2007, at which time Petitioner had still not been given a decision on her naturalization application by the CIS.

Notwithstanding the expiration of the statutory period, it has now been thirty (30) months since Petitioner was initially examined and conditionally approved for Citizenship. Therefore, she is unequivocally eligible to seek this judicial review and relief under 8 USC §1447(b).

### (C) AVAILABLE FORMS OF RELIEF UNDER 8 USC §1447(b)

8 USC §1447(b) provides for two forms of relief:

(1) An adjudication of the naturalization application in court and by the court, or

(2) A remand to CIS for immediate adjudication.

Considering the inordinate and unreasonable passage of time together with the continued failure of the CIS to proceed with diligence, Petitioner by and through this petition moves for and seeks the relief of adjudication in Court and by the Court of her stalled naturalization application. For this purpose, Petitioner avers that she has satisfied all of the requirements for naturalization

Petitioner by and through this petition moves for and seeks *IN THE ALTERNATIVE*, the order of this Honorable Court remanding the matter to CIS with instructions for immediate adjudication.

### III. CONCLUSION

For the foregoing reasons and any others provided at the hearing, Petitioner prays that the Court decide her naturalization application in Court and by the Court, or alternatively, remand this matter to CIS with instructions for immediate adjudication.

Respectfully Submitted,

SHOKOUFEH NOROUZINIA
*NOROUZINIA*
Pro Se Petitioner

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

## I. (a) PLAINTIFFS
Shokoufeh Norouzinia

**DEFENDANTS**
Michael Chertoff, Dr. Scott (Eduardo Aguirre)

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
In Pro Se

Attorneys (If Known)
'07 CV 2219 WQH (POR)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 8 U.S.C. 1447(B)
Brief description of cause: Determination of Naturalization Application

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Court Adjudication
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: Nov-20-2007
SIGNATURE OF ATTORNEY OF RECORD: Norouzinia

**FOR OFFICE USE ONLY**
RECEIPT # 144719   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

144719 Sa 11/20/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 144719    - SH

November 20, 2007
15:39:25

Civ Fil Non-Pris
07-02219
Judge..: WILLIAM Q HAYES
Amount.:                $350.00 CC

Total-> $350.00

FROM: NOROUZINIA V. CHERTOFF ET AL